UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSEPH RUSSELL,

                      Plaintiff,

- against -

THE LEGAL AID SOCIETY,

                      Defendant.

Docket No. CV 05 2165 (JW) (MJB)

**PROPOSED JUDGMENT**

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 19 2005 ★

P.M. _____
TIME A.M. _____

Defendant THE LEGAL AID SOCIETY, by its attorneys, GARBARINI & SCHER, P.C., having duly moved for an Order pursuant to F.R.C.P. § 12(b)(6) and 12(c) to dismiss the Complaint, and the motion having regularly coming on to be heard before me on the 16th day of June, 2005,

**NOW**, upon reading and filing the Notice of Motion dated May 24, 2005, the Affidavit of Gregg D. Weinstock dated May 24, 2005, with attached exhibits and Memorandum of Law, with due proof of service thereon in support of the motion, and upon all the pleadings and proceedings heretofore had herein, and there being no opposition thereto, and the matter having come on to be heard before me for oral argument on June 16, 2005, and Christine Fernandez Cordova, Esq., a member of the firm of GARBARINI & SCHER, P.C., appearing for defendant, and JOSEPH RUSSELL, *pro se*, appearing by telephone, and upon the Decision of the Court,

**NOW**, on motion of GARBARINI & SCHER, P.C., it is

**ORDERED AND ADJUDGED** that the motion is granted; and it is further

**ORDERED AND ADJUDGED** that the Complaint is dismissed based upon *res judicata*, collateral estoppel, and the absence of any merit to the claim; and it is further

**ORDERED AND ADJUDGED** that this Judgment is without costs and disbursements.

Dated: Brooklyn, New York
        July ___, 2005

                                            HONORABLE JACK B. WEINSTEIN
                                            United State District Judge

F:\CASES\15886\Notice of Settlement of Judgment.wpd

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSEPH RUSSELL,

                Plaintiff,

- against -

THE LEGAL AID SOCIETY,

                Defendant.

**Docket No. CV 05 2165 (JW) (MJB)**

**NOTICE OF SETTLEMENT OF JUDGMENT**

SIRS:

    **PLEASE TAKE NOTICE**, that the annexed Judgment, of which the within is a true copy, will be submitted for entry on the 14th day of July, 2005, at 10:30 a.m., before the Judgment Clerk in the United States District Court for the Eastern District of New York Clerk's Office.

Dated: New York, New York
        July 1, 2005

                                  Yours, etc.,

                                  GARBARINI & SCHER, P.C.

                  By: _____
                                Gregg D. Weinstock (GW-8078)
                                Attorneys for Defendants
                                *The Legal Aid Society*
                                432 Park Avenue South
                                New York, New York 10016-8013
                                (212) 689-1113

TO:    JOSEPH RUSSELL
        *Pro Se* Plaintiff
        No. 04A2657
        Clinton Correctional Facility
        P.O. Box 2001
        Dannemora, New York 12929

F:\CASES\15886\Notice of Settlement of Judgment.wpd

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

JOSEPH RUSSELL,                :

        Plaintiff,      :   CV-05-2165 (JBW)

        v.              :   U.S. Courthouse
                            Brooklyn, N.Y.
THE LEGAL AID SOCIETY,         :

        Defendant.      :   TRANSCRIPT OF PROCEEDINGS
                            June 16, 2005
- - - - - - - - - - - - - - - X   Ten o'clock a.m.

BEFORE:

    HONORABLE JACK B. WEINSTEIN, U.S.D.J.

APPEARANCES:

For the Plaintiff:    JOSEPH RUSSELL, PRO SE
                    (By Telephone)

For the Defendant:    GARBARINI & SCHER, P.C.
                    432 Park Avenue South
                    New York, New York  10016
              By:  CHRISTINE FERNANDEZ CORDOVA, ESQ.

Court Reporter:       Holly Driscoll, CSR
                    225 Cadman Plaza East
                    Brooklyn, New York  11201
                    (718) 260-2469

Proceedings recorded by mechanical stenography, transcript produced by Computer-Assisted Transcript.

1         THE COURT: Good morning.

2         THE CLERK: Civil cause for motion, Joseph Russell

3 versus the Legal Aid Society.

4         On the telephone, give your name please.

5         MR. RUSSELL: Joseph Russell.

6         THE CLERK: For the Legal Aid Society?

7         MS. FERNANDEZ CORDOVA: Christine Fernandez Cordova

8 of the firm Garbarini & Scher. Good morning, Your Honor.

9         THE COURT: Good morning. Do you want time to get

10 an attorney, sir?

11         MR. RUSSELL: Excuse me?

12         THE COURT: Mr. Russell, do you want time to get an

13 attorney?

14         MR. RUSSELL: I can't afford one, Your Honor.

15         THE COURT: You want to proceed immediately?

16         MR. RUSSELL: Yes, not unless you appoint me an

17 attorney.

18         THE COURT: I will not appoint an attorney.

19         MR. RUSSELL: Okay.

20         THE COURT: All right, I'll hear the motion to

21 dismiss.

22         MS. FERNANDEZ CORDOVA: Your Honor, this is

23 Mr. Russell's third complaint. The first complaint was

24 dismissed by Judge Trager. The second complaint was dismissed

25 by Your Honor.

1  THE COURT: Can you hear, sir?
2  MR. RUSSELL: Yes, barely but I can hear.
3  THE COURT: Keep you your voice up, madame, please.
4  MS. FERNANDEZ CORDOVA: Your Honor, this is
5  Mr. Russell's third complaint. The first complaint was
6  dismissed by Judge Trager. The second complaint was dismissed
7  by Your Honor. This complaint was filed in Kings County which
8  it asserts essentially the similar allegation. The only thing
9  that's been removed is the Section 1983 cause of action.
10     Our contention is that the plaintiff's complaint in
11  its current format, just as it has been on the two prior
12  occasions, is just facially insufficient. The plaintiff does
13  not set forth any cause of action that would permit him to go
14  forward. Your Honor has already ruled on his legal
15  malpractice claim as part of the last motion finding that it
16  was without merit together with the federal 1983 cause of
17  action which was, likewise, without merit which was his second
18  1983 action.
19     The only allegation that's different in this
20  complaint, Your Honor, is a claim that the case should have
21  been tried in Kings County and not Queens County. That is the
22  one sentence of the complaint that is essentially different
23  and we would argue, Your Honor, that that does not
24  sufficiently change this complaint to permit this case to go
25  forward.

1    As with respect to the legal malpractice cause of
2 actions, under New York law a legal malpractice cause of
3 action for a criminal conviction can't go forward to the
4 extent that the conviction and sentence have gone undisturbed
5 which is, in fact, the case, as I understand it, with respect
6 to Mr. Russell.
7    So, we would argue that for all of the reasons that
8 Your Honor had previously dismissed the last complaint and
9 that Judge Trager dismissed the complaint before, that this
10 case should likewise be dismissed and obviously there is a res
11 judicata issue because this is the same complaint with the
12 exception of one and a half sentences regarding the venue.
13    THE COURT: All right. What is your answer to that
14 motion to dismiss, sir?
15    MR. RUSSELL: My answer is, first of all, I
16 commenced a state malpractice action and there was no federal
17 question involved in the state malpractice action. I stated
18 that Ms. Kurtz violated her fiduciary duty in representing me
19 when I requested for her to give the People notice in the
20 criminal proceedings that I would like to exercise my right of
21 due process. She took it upon herself and discriminated
22 against me to the fact that there was a domestic violence case
23 and waiving my rights to appear before grand jury proceedings
24 without my consent or approval.
25    I commenced the state action. The attorney then had

it removed to federal court which lacked the original jurisdiction in the first place. I didn't know what I was doing the first time. I come to you because the motion to dismiss is ordinarily directed to allegations of the complaint and the claim for relief can conceivably prove the defendant's motion should not be granted. I'm requesting that you remand it back to state court under attorney malpractice so I can proceed to trial on this proceedings, Your Honor, due to the fact that the federal court lacks jurisdiction.

THE COURT: You did not appeal from the dismissal of Judge Trager or from my dismissal, did you?

MR. RUSSELL: Judge Trager, no, I didn't, I never appealed from Judge Trager in the federal 1983 because he directed me to commence an action in the state court of malpractice because I couldn't proceed on a federal level under that claim of malpractice. So that's what I did.

Now, the second claim I did is a state action. The defendants had it removed to federal court which never really had jurisdiction but at the time I was ignorant of the law and I didn't know what I was doing and I ask you that I would like to proceed on the federal level and you have dismissed it because I couldn't proceed on the federal level. Now I'm humbly requesting that you have it remanded back to state court so I can proceed on the state level for malpractice.

THE COURT: You did not appeal from my decision

1  dismissing your claim, did you?
2          MR. RUSSELL: Yes, I did.
3          THE COURT: You did appeal?
4          MR. RUSSELL: Yes, I did.
5          THE COURT: What was the result?
6          MR. RUSSELL: The appeal was denied.
7          THE COURT: Well, you've had your day in court.
8  You're barred by res judicata from continuing to harass these
9  defendants.
10         MR. RUSSELL: Wait, can you say that again, I'm
11 barred because of what?
12         THE COURT: Res judicata, the matter has been
13 adjudicated, you've been adjudicated in a trial court and on
14 an appeal.
15         MR. RUSSELL: No, I wasn't adjudicated on a trial
16 court. The case never went to trial. The case was dismissed
17 in Kings County because of lack of jurisdiction which
18 Ms. Kurtz knew this because I explained this to her, the case
19 is going to be dismissed because of lack of jurisdiction, you
20 have no right to even waive my rights to appear before a grand
21 jury. The case was dismissed in Kings County because of lack
22 of jurisdiction, Your Honor.
23         THE COURT: I'm talking about your civil case in
24 this court. You had a civil case in this court before me,
25 correct?

1      MR. RUSSELL: That's correct, on the federal level.
2      THE COURT: I dismissed it, correct?
3      MR. RUSSELL: On the federal level, that's correct.
4      THE COURT: You appealed, correct?
5      MR. RUSSELL: That's correct.
6      THE COURT: Your appeal was denied, correct?
7      MR. RUSSELL: That's correct.
8      THE COURT: Your claim has now been fully
9  adjudicated. You cannot continue to bring essentially the
10 same claim over and over again.
11     MR. RUSSELL: It is not the same claim, Your Honor.
12     THE COURT: Well, in my opinion it is.
13     MR. RUSSELL: Okay, that's --
14     THE COURT: In what way is it different?
15     MR. RUSSELL: Because Ms. Kurtz, okay, in my first
16 complaint I stated that she conspired to a waiver of my rights
17 which was wrong. I didn't know what I was doing, but in all
18 actuality she violated her fiduciary duty and my trust in her
19 to handle my case. She was appointed to me, I trusted her and
20 I put my life in her hands.
21     THE COURT: In what way is your present claim
22 different from the claim that I dismissed and that you
23 appealed?
24     MR. RUSSELL: It is different in several aspects,
25 Your Honor. It is different in one that it is a state claim

1 and not a federal claim and I'm suing the Legal Aid Society
2 and not Ms. Kurtz.
3            THE COURT: I see.
4            MR. RUSSELL: It was two different entities. I was
5 suing Ms. Kurtz in her own personal capacity, now I'm suing
6 the Legal Aid Society, the corporation, for malpractice.
7            THE COURT: Yes. You're barred by res judicata and
8 collateral estoppel. You can't continue to bring these
9 claims. I'm going to dismiss the claim again --
10           MR. RUSSELL: Okay.
11           THE COURT: -- on those grounds and on the ground
12 that there's absolutely no merit to this claim. Now, there
13 will be a judgment entered for the defendants. You have the
14 right to appeal. If you continue to bring the same claim in
15 this court, I am going to charge you for costs and
16 disbursements.
17           MR. RUSSELL: Okay.
18           THE COURT: I cannot allow the same case essentially
19 to be brought over and over again because it becomes a matter
20 of harassment of these defendants.
21           MR. RUSSELL: I didn't --
22           THE COURT: Excuse me, I'm not finished.
23           MR. RUSSELL: Right.
24           THE COURT: These defendants have limited assets and
25 they are designed to be used to help people who are in

1 | trouble.
2 |     MR. RUSSELL: Right.
3 |     THE COURT: I am not going to continue to allow
4 | those assets to be expended and frittered away on suits of
5 | this kind that in my opinion are without merit.
6 |     Now, if I'm wrong, the Court of Appeals will
7 | reverse, right? Is that right?
8 |     MR. RUSSELL: I guess so. You're right.
9 |     THE COURT: Yes. Okay. I've done all I could for
10 | you. You know, you're a nice man and I like you.
11 |     MR. RUSSELL: Okay.
12 |     THE COURT: But I can't help you.
13 |     MR. RUSSELL: Right. You can't remand my case back
14 | to state court where I commenced it?
15 |     THE COURT: No, because I'm dismissing it.
16 |     MR. RUSSELL: Okay, beautiful.
17 |     THE COURT: Okay. Thanks very much and have a good
18 | day, sir.
19 |     MR. RUSSELL: Thank you.
20 |     MS. FERNANDEZ CORDOVA: Thank you, Your Honor.
21 |     THE COURT: Submit a short memorandum and judgment.
22 |     MS. FERNANDEZ CORDOVA: I will.
23 |     THE COURT: Based on res judicata, collateral
24 | estoppel can be claimed by your new defendant, and on the
25 | merits. No costs and disbursements.

1  MS. FERNANDEZ CORDOVA: And we should submit that to
2  Your Honor?
3  THE COURT: Submit a judgment, yes.
4  MS. FERNANDEZ CORDOVA: Okay.
5  THE COURT: Order a copy of the minutes. Will you
6  arrange to send a copy please to the plaintiff.
7  MS. FERNANDEZ CORDOVA: Absolutely.
8  THE COURT: Thanks very much. Have a good summer.
9  (Time noted: 10:30 a.m.)

12  (End of proceedings.)

# AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK     )
                               ) ss.:
COUNTY OF NEW YORK )

      MAUREEN GRIFFIN, being duly sworn, deposes and says, that the deponent is a resident of Copiague, New York, is not a party of the action, and is over 18 years of age.

      That on the 1st day of July, 2005, the undersigned served the within **NOTICE OF SETTLEMENT OF JUDGMENT and PROPOSED JUDGMENT** dated July 1, 2005 upon the attorneys named below by depositing a true copy of the same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York, and directed to the said attorneys at the address indicated below, such address being the address designated by said attorneys for that purpose.

                                      Joseph Russell
                                      *Pro Se* Plaintiff
                                      No. 04-A-2657
                                      Clinton Correctional Facility
                                      P.O. Box 2001
                                      Dannemora, New York 12929

                                      *[signature]*
                                      MAUREEN GRIFFIN

Sworn to before me this
1st day of July, 2005

*[signature]*
Paulette Romero
Notary Public, State of New York
Registration #01R06049073
Qualified in Bronx County
My Commissions Expires Oct. 2, 2006